195 So. 542

REEVES v. LECHE, Governor, et al.
No. 35390.

April 1, 1940.

Harvey Peltier, of Thibodaux, for plaintiff and appellant.

Lessley P. Gardiner, Atty. Gen., and Bert E. Durrett, Sp. Asst. to Atty. Gen., for defendants and appellees.

LAND, Justice.

This is a suit against the Governor of the State of Louisiana, the State Mineral Board and the Register of the State Land Office by Mrs. Bertie T. Reeves, individually, as surviving widow in community of J. H. Reeves, and as natural tutrix of the minor, Blanche Marie Reeves, sole heir of J. H. Reeves, deceased, praying for judgment reforming State Mineral Lease No. 338 from the State of Louisiana to J. H. Reeves dated January 23, 1936, so that the same shall be made to recite that, in response to advertisements, bids were received at the State Capitol on January 3, 1936, instead of December 3, 1935, and further for judgment declaring that the lease is valid and in full force and effect according to its terms and conditions.

(1)   According to the petition, the answer and the agreed statement of facts filed in the record, the undisputed facts are as follows:

J. H. Reeves made application to the State of Louisiana for the lease of the lands described in the petition, subject to the provisions of Act No. 30 of the Extra Session of 1915, as amended by Act No. 315 of 1926.   Under date of December 4, 1935, the Governor called for bids for a mineral lease of the area in question situated·in Pointe Coupee and Iberville Parishes, the bids to be received on January 3, 1936.

The notice was correctly advertised in the official journal of the Parish of Pointe Coupee, the Pointe Coupee Banner, and in the official State journal, the Baton Rouge State-Times.   However, the notice appearing in the Iberville South, the official journal of the Parish of Iberville, called for bids to be received on *January 3, 1935.*

The lease itself, No. 338, was signed by Governor Allen and· the lessee, J. H. ·Reeves, on January 23, 1936.   However, it contains the following statement, "Whereas, in response to said advertisements, bids were received at the State Capitol on the 3rd day of December, 1935," when it should have recited that bids were received on the 3rd day of January, 1936.

In their answer to the demands of plaintiffs for reformation of the lease, defendants admit that the notice was correctly advertised in the Parish of Pointe Coupee, but allege that the notice was defective in the advertisement in the Parish of Iberville, in that it called for bids to be received on January 3, 1935, instead of January 3, 1936; and, because of this alleged defect, defendants reconvene and pray for judgment against plaintiffs, decreeing the lease null and void and without force or effect whatsoever.

Judgment was rendered by the trial judge in favor of plaintiffs, reforming the lease as to the property in the Parish of Pointe Coupee, and declaring the lease, to this extent, valid; but judgment was also rendered in favor of the defendants, rejecting plaintiffs' demand for the reformation of the lease as to the property in the Parish of Iberville, and declaring the lease, as to same, null and void and without force and effect.

From this judgment plaintiffs have appealed, and defendants have answered the appeal, and pray that the judgment ·appealed from be amended by decreeing the lease null and void in its entirety.

We find no error in the decree of the lower court reforming the lease as to the property in Pointe Coupee Parish, and decreeing the lease to be legal and valid.

(2)   It is admitted that J. H. Reeves, deceased husband of Mrs. Bertie Reeves, and father of the minor, Blanche Marie Reeves, made application on *December ·4, 1935,* to lease from the State the lands in the Parishes of Pointe Coupee and Iberville. ·

It is also admitted that, pursuant to Reeves' application, the Governor caused notice of publication to be made in the official journal of Iberville Parish, ·the Iberville South, which appeared in· that

paper on *December 13, 20 and 27, 1935.* It is further admitted that *the original copy of this advertisement* called for bids to be received at the Governor's office on the *3rd day of January, 1935,* a date which had already passed, before the application to lease was made, or the advertisement was made as the result thereof.

It is apparent from the admitted facts that the date of *January 3, 1935,* for bids to be received at the Governor's office is a palpable typographical error *as to the year.*

The application for lease was made on the 4th day of *December, 1935.* The advertisement for bids is subsequent to the date of the application to lease, and appeared in the Iberville South, official journal of Iberville Parish, *December 13, 20 and 27, 1935,* or in the last month of the year, 1935, the last advertisement appearing December 27, 1935, or within four days before *January 1, 1936.*

Besides, it is admitted that the date for the opening of bids was *January 3, 1936,* the date advertised in the notice published for bids as to the lands situated in the Parish of Pointe Coupee.

It is true that the advertisement for bids should "be published in the official journal of the State and in the official journal of the parish wherein such land is located * * *, setting forth therein * * * the time when bids therefor will be received." Act No. 30 of the Extra Session of 1915, § 3.

But, in the instant case, the error as to the call for bids for the lease of lands in Iberville Parish to be received at the Governor's office on the *3rd day of January, 1935, is an error made by the State itself in the original copy of the advertisement* published in the official journal of Iberville Parish, the Iberville South.

Paragraph III of the Agreed Statement of Facts reads as follows: "It is admitted that pursuant to said application the Governor caused Notice of Publication to be published in the official journal of Iberville Parish, the Iberville South, and that there is attached hereto a photostat copy of said notice, marked 3, which appeared in said Iberville South on December 13, 20 and 27, 1935. Further, that said document marked 3 *is the original copy of said advertisement, and that it called for bids to be received at the Governor's office on the 3rd day of January, 1935,* a date which had already passed before the application or the advertisement made as result thereof." (Italics ours) Tr., p. 28; Tr., p. 32, photostatic copy of notice, marked 3, attached to agreed statement of facts.

It is not contended by the State, in its answer to plaintiffs' demand for reforming the lease in this case, that the State was deprived of a more favorable lease because of the error in the advertisement for bids on the lands in Iberville Parish; nor is there any admission in the agreed statement of facts to this effect. On the contrary, it is stated in the lease itself that *bids were received* at the State Capitol and that "it appears that the bid of J. H. Reeves, hereinafter styled 'lessee,' is the most advantageous to the State of Louisiana." Tr., p. 12.

The State is here complaining of its own error in the original copy of the advertisement calling for bids on the lands in the Parish of Iberville, to be received on the 3rd day of January, *1935*. Since this error is palpable and readily detected, we are of the opinion that no prospective bidder was misled by it or prevented from bidding on the lease of the lands in the Parish of Iberville. The fact is that bids were made besides that of Reeves. We do not concur, therefore, in the conclusion reached by the able trial judge that the advertisement for bids as to the lands in Iberville Parish was no advertisement at all and that, for this reason, the lease as to such lands is null and void and of no force or effect. Such strict construction of the statute under the admitted facts of this case is not justified, in our opinion.

(3) The lease in this case was signed by Governor Allen, and the lessee, J. H. Reeves, on January 23, 1936.

The present suit to reform the lease and to have it declared valid, subsisting and in full force and effect according to its terms and conditions was filed in the court below November 21, 1938. It is admitted that the lease involved in this suit has a value of $2,000, excluding interest and costs.

Paragraph I of the lease reads as follows:

"Lessee has this day paid to Lessor the sum of Two Hundred Fifty—$250.00—Dollars for the right to begin the drilling of a well on the herein leased premises at any time within one (1) year from the date hereof, said sum also being part con-sideration for lessee's right to delay such drilling operations under the conditions hereinafter provided.

"Should lessee fail to begin the drilling of a well on the premises within one (1) year above provided, then the said lessee is granted the right to defer such drilling operations for an additional one (1) year by paying to lessor the sum of One Hundred Twenty-five (Dollars), on or before the expiration of one (1) year from the date hereof; and provided further, that lessee may continue to delay such drilling for successive periods of one (1) year, by paying to lessor the sum of One Hundred Twenty-five (Dollars) on or before the expiration of any period during which lessee shall have deferred said drilling operations; provided, however, that lessee's right to defer the beginning of drilling on the premises shall not exceed in the aggregate five (5) years from the date of this contract." Tr., p. 14.

A plea of estoppel was filed in this court, on December 1, 1939, after the decision of the case of State ex rel. Shell Oil Company, Inc. v. Register of State Land Office, 193 La. 883, 192 So. 519.

The plea of estoppel is based upon the following facts:

"That, as appears from the record, the Register of the State Land Office received, as set forth in said lease, the cash bonus thereof, amounting to the sum of $250.00, and rentals of $125.00 due on or before the 3d day of December, 1937, and rentals of $125.00 due on or before the 3d day of

December, 1938; that Article VI of the petition herein recites:·

" 'That said J. H. Reeves, prior to his death, and your petitioner, individually and as said Natural Tutrix, since the death of said J. H. Reeves, fully complied with their obligations under the terms of the lease, and that the State has accepted rental payments made in accordance with the terms of the said lease, all as shown by the records on file in the office of the Register of the State Land Office and as will be fully shown on the trial hereof.'

"And that these facts are admitted in Article VI of their (defendants') answer, as follows:

" 'Paragraph 6 is admitted except insofar as it alleges or implies that the said purported lease was or is a valid lease or lawful in any respect, which allegation or implication is hereby expressly denied.'

"Furthermore, Article V of the agreed statement of facts provides:

" 'It is further agreed that this cause shall be tried and submitted upon the petition and answer, the allegations and admissions therein, and upon the admissions contained in this agreed statement of facts.' "

The State has made no tender to the lessee of the money received by the State under the lease. Under the admitted state of facts, it is clear that defendants are estopped from asserting the invalidity of State Lease No. 338 by their reconventional demand or otherwise.

As the obligations of the lessee have been fully complied with under the terms of the lease, the lease has become an executed contract. The State has accepted the benefits of the lease for several years in receiving the sum of $500, paid by the lessee as bonus and rentals, and neither law, equity nor good conscience will allow the State to claim the benefits and at the same time escape its obligations under the lease.

In State ex rel. Shell Oil Company, Inc., v. Register of the State Land Office, 193 La. 883, 192 So. 519, this court held that: "The state and the Register of the State Land Office, after accepting rental payments under oil, gas and mineral lease for several years were estopped to deny validity of the lease because of irregularities in publishing notice of the letting."

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled and reversed.

It is now ordered, adjudged and decreed that the plea of estoppel tendered by plaintiffs and filed in this court on December 1, 1939, be and the same is hereby maintained, and that defendants, Earl K. Long, Governor of Louisiana, the State Mineral Board, and Lucille May Grace, Register of the State Land Office, be and are hereby estopped from attacking the validity of that certain oil, gas and mineral lease, No. 338, executed on the 23rd day of January, 1936, by the State of Louisiana to J. H. Reeves, and covering the property described therein, situated in the Parish of Pointe Coupee and in the Parish of Iberville within this State.

It is further ordered, adjudged and decreed that there be judgment in favor of

plaintiffs, Mrs. Bertie T. Reeves, individually, and as Natural Tutrix of the minor, Blanche Marie Reeves, and against defendants, Earl K. Long, Governor of Louisiana, The State Mineral Board, and Lucille May Grace, Register of the State Land Office, reforming said oil, gas and mineral lease, No. 338, executed on the 23rd day of January, 1936, by the State of Louisiana to J. H. Reeves, so that the same shall be made to recite that, in response to advertisements, bids were received at the State Capitol on the 3rd day of January, 1936, and decreeing that said lease is valid, subsisting, and in full force and effect as to the property described therein, situated in the Parish of Pointe Coupee and in the Parish of Iberville within this State.